**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Howard,  ) | No. CV-03-2487-PHX-DGC |
|                              ) | |
| Plaintiff,        ) | **ORDER** |
|                              ) | |
| vs.                       ) | |
|                              ) | |
| General Electric Capital Business Asset  ) | |
| Funding Corporation,  ) | |
|                              ) | |
| Defendant.   ) | |
|                              ) | |

Defendant has filed a motion for reconsideration of the Court's May 31, 2006 order denying Defendant's cross-motion for summary judgment on Plaintiff's breach of contract claim. Doc. #166; *see* Doc. #164. Defendant moves for reconsideration on the ground that the Court did not address an argument Defendant made for the first time in a footnote in its reply brief. Doc. #166 at 1. Defendant argued in that footnote that the parties' alleged oral agreement extending the funding cut-off date under the loan commitment was not supported by adequate consideration because Plaintiff did not pay an additional commitment fee. Doc. #159 at 11 n.4.

"Valid consideration consists of either a benefit to the promisor or detriment to the promisee. Monetary compensation is not needed; any benefit to the promisor or detriment to the promisee is sufficient." *USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 584 (Ariz. Ct. App. 1987) (citation omitted); *see Hill v. Chubb Life Am. Ins. Co.*, 894 P.2d 701, 707

(Ariz. 1995) ("Consideration for a promise does not have to be monetary."); *Stovall v. Williams*, 409 P.2d 711, 713 (Ariz. 1966) ("We have held that any detriment to the promisee, or benefit to the promisor, constitutes a valid and sufficient consideration for a new promise which would in effect modify terms of the original agreement.").

Plaintiff argued in his response to Defendant's cross-motion for summary judgment that his assumption of the risk that the loan's interest rate would increase during the extension period constituted adequate consideration. Doc. #155 at 9-10 (citing *Stovall*, 409 P.2d at 713). Defendant does not address this argument in its motion for reconsideration. *See* Doc. #166. Nor has Defendant provided any legal authority to support its assertion that the possibility of an interest rate increase cannot constitute a detriment to Plaintiff sufficient to provide consideration. *See* Doc. #159 at 11 n.4. "Moreover, . . . any challenge to the adequacy of consideration is a *fact* question." *Hill*, 894 P.2d at 707 (emphasis in original); *see USLife Title Co. of Ariz.*, 732 P.2d at 586 ("[C]hallenges to the adequacy of consideration are determined as issues of fact in breach of contract lawsuits."); *Dunlap v. Fort Mohave Farms, Inc.*, 363 P.2d 194, 198 (Ariz. 1961) (stating that the question of whether consideration existed "definitely raises factual matters for the jury to determine and is not open to disposition on summary judgment").

**IT IS THEREFORE ORDERED** that Defendant's motion for reconsideration (Doc. #166) is **denied**.

DATED this 26th day of April, 2006.

_____
David G. Campbell
United States District Judge